Indians. — On February 8,1966, the court entered the following order:
This case comes before the court on a stipulation of the parties filed January 28, 1966, signed by the respective attorneys of record, in which it is recited that plaintiffs submitted to defendant an offer to compromise and settle this case, which offer was accepted by the Attorney General, by the terms of which the parties agree to entry of judgment in the net sum of $4,479,498.52, after allowance to defendant of all allowable deductions, credits and offsets, in full settlement .of all rights, claims, and demands which plaintiffs have asserted, or could have asserted, with respect to the subject matter of the claim alleged, and with respect to all rights, claims, demands, payment on the claim, counterclaim or offsets which defendant has asserted or could have asserted against plaintiffs in connection with such claim of the plaintiffs for disbursements and transactions prior to June 30, 1964.
*1280 NOW, THEREFORE, IT IS HEREBY ORDERED that the Stipulation for Entry of Judgment, filed January 28, 1966, be and the same is hereby accepted and adopted by the court in its entirety and is attached hereto and made a part hereof, and
IT IS FURTHER ORDERED that judgment be and the same is hereby entered for the plaintiffs and against the defendant in the sum of four million, four hundred seventy-nine thousand, four hundred ninety-eight dollars and fifty-two cents ($4,479,498.52).
By the Court:
WlLSON CoweN,

Chief Judge.

The stipulation of the parties referred to in the foregoing order reads as follows:
Plaintiffs brought the above-entitled suit against the United States for a general accomiting of their funds on deposit in the Treasury of the United States for the period March 2,1868, to the date of filing, which was December 30, 1946. The defendant claimed offsets against any amount that might be found due the plaintiffs for gratuitous expenditures made for their benefit. The action was brought pursuant to the Ute Jurisdictional Act of June 28,1938, 52 Stat. 1209, as amended.
On December 4, 1964, the plaintiffs submitted to the defendant an offer to compromise and settle this litigation in an amount, subject to allowable offsets, to be determined in a manner therein stated. This offer of compromise was duly accepted by the defendant on January 14, 1965. In accordance with the terms of the settlement, the net amount to be paid to plaintiffs by the defendant has been determined to be $4,479,498.52. Accordingly it is hereby stipulated and agreed by and between the parties hereto by their attorneys that the above-entitled case shall be settled and finally disposed of by entry of final judgment, from which no appeal or review will be taken by either party, as follows:
*1281 1. There shall be entered in the above-entitled case, after all allowable deductions, credits and offsets, a net judgment of $4,479,498.52.
2. The entry of final judgment in said amount shall finally dispose of all rights, claims or demands which plaintiffs have asserted, or could have asserted, with respect to the subject matter of the claim alleged, and plaintiffs shall be barred from asserting any such right, claim or demand against the defendant in any future action.
3. Entry of final judgment in the aforesaid amount shall finally dispose of all rights, claims, demands, payment on the claim, counterclaim or offsets which defendant has asserted or could have asserted against the plaintiffs under the provisions of Section 2 of the Indian Claims Commission Act (60 Stat. 1049) or under the provisions of Section 5 of the Ute Jurisdictional Act of June 28,1938 (52 Stat. 1209), as amended, for disbursements and transactions prior to June 30, 1964, so far as the White River, Uncompahgre, Southern Ute and Ute Mountain Bands of Ute Indians, or any one of such bands is concerned. The offsets herein disposed of include without limitation, the amount asserted in Paragraph 19 of the defendant’s amended answer in Indian Claims Commission Docket No. 327 and one-half of the amounts asserted in Paragraphs 20 and 22 of that amended answer. Defendant shall be barred from asserting all such offsets, claims or demands against the plaintiffs, or any one of them, in any future action.
4. This settlement does not involve the four funds: (1) Proceeds of Southern Ute Reservation; (2) Interest in Proceeds of Southern Ute Reservation; (3) Indian Moneys, Proceeds of Labor, Southern Ute Indians; and (4) Interest on Proceeds of Labor, Southern Ute Indians.
5. Neither the claims nor defenses asserted in Indian Claims Commission Docket No. 328 are affected by the disposition of this case. Counsel for plaintiffs in No. 47567, who are also counsel for petitioner in No. 328, will make no claim in No. 328 for funds involved in No. 47567.
JOHN W. CraguN, Attorney of Record, for Plaintiffs.
EdwiN L. "VVeisl, Jr. Assistant Attorney General.
Floyd L. FraNCe, Attorney, Department of .Justice.
6. A final judgment entered pursuant to this stipulation shall be by way of compromise and settlement and shall not be construed as an admission of either party for the purposes of precedent or argument in any other case.